IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



LOUISE H. McKLEMURRY
    PLAINTIFF

vs.                                                            Civil Action No.: 3:09cv181 HTW-LRA

J. DEWAYNE THOMAS, MICHAEL G.
POND, JOHN GADOW, HARTFORD
LIFE AND ANNUITY INSURANCE
COMPANY, JOINTLY AND SEVERALLY
AND JOHN DOES A THROUGH Z
    DEFENDANTS

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants J. Dewayne Thomas, Michael G. Pond, John Gadow, and Hartford Life and Annuity Insurance Company (collectively hereinafter "Defendants"), by and through counsel of record, hereby removes the action filed under Civil Action No. 251-09-208-CIV in the Circuit Court of the First Judicial District of Hinds County, Mississippi.

        I.         **PROCEDURAL BACKGROUND**

1.         On February 26, 2009, Plaintiff Louise H. McKlemurry ("Plaintiff") filed her Complaint against Defendants J. Dewayne Thomas, Michael G. Pond, John Gadow, Hartford Life and Annuity Insurance Company, and "John Does A through Z" in the Circuit Court of the First Judicial District of Hinds County, Mississippi, in a case styled *McKlemurry v. Thomas, et al.*, Civil Action Number 251-09-208-CIV.

2.         Defendants first received the Summons and Complaint on or about February 27, 2009. Pursuant to 28 U.S.C. § 1446(a) a copy of all process and pleadings

served on Defendants are attached hereto as Exhibit "A." No other pleadings have been filed to date in state court and there have been no hearings in the state court action. This Notice of Removal is filed within thirty (30) days of service of the Summons and Complaint on Defendants, therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

3. The United States District Court for the Southern District of Mississippi, Jackson Division, is the district court for the district and division within which the state court action is pending.

4. In the Complaint, Plaintiff alleges the following causes of action: "fraud by false pretense"; "harassment and conspiracy" under Title VII of the Civil Rights Act of 1964; "age discrimination"; "wrongful firing without dignity or respect"; "theft of personal property"; "identity theft"; "breach of verbal contract"; "theft of or transfer, conversion or termination of retirement"; and "breach of fiduciary duty."

5. Under 28 U.S.C. §§ 1441(a) and (c), this matter is removable because Plaintiff has alleged that she is entitled to recovery based upon claims arising under the Constitution, treaties or laws of the United States and any separate and independent causes of action asserted by Plaintiff may be heard by the district court as well.

6. This action presents a federal question(s). Plaintiff specifically alleges that her former employers' alleged harassment, and conspiracy to commit such harassment, violated her rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*). Additionally, Plaintiff alleges that her former employer discriminated against her based upon her age which is a claim or right arising under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*). Finally, Plaintiff asserts claims

arising from an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*

7. Pursuant to 28 U.S.C. § 1441(b), when a claim or right arising under the Constitution, treaties or laws of the United States is asserted the action shall be removable without regard to the citizenship or residence of the parties.

8. This Court has original jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States.

## II. FACTUAL BACKGROUND

9. Plaintiff alleges that she was the employee of J. Dewayne Thomas ("Thomas") and Michael G. Pond ("Pond") until she was terminated in July, 2006, by John Gadow ("Gadow"). (*See* Complaint at ¶¶ 6-7 & 36-44).

10. Plaintiff alleges that Gadow, who was not an employee of Thomas, created a hostile workplace environment and that her former employers Thomas and Pond were aware of this harassment but failed to take any steps to stop said harassment. (*See id.* at ¶¶ 15, 26-27 & 29-30).

11. Plaintiff's Complaint alleges that she was subjected to age discrimination as well as harassment during her employment with Thomas and Pond. (*See id.* at ¶¶ 29-30 & 34-35). While it is unclear, Plaintiff appears to be alleging that she was also subjected to sexual harassment by Gadow while an employee of Thomas and Pond. (*See id.* at ¶¶ 28 & 32).

12. Plaintiff alleges that she was terminated based upon her age. (*See id.* at ¶¶ 34-35).

13. Plaintiff's Complaint also contains allegations that sometime during her

employment with them, Thomas and Pond established retirement plans with Hartford Life and Annuity Insurance Company ("Hartford") for her benefit. (*See id.* at ¶ 54). Plaintiff asserts that Thomas established with Hartford, an "IRS Code 412i retirement plan that included the 'J. Dewayne Thomas Benefit Pension Trust,'" and that Pond established with Hartford, a "Tax Deferred Annuity retirement plan." (*Id.* at ¶¶ 55-56). Plaintiff alleges that she has been denied access to these retirement plans through the inaction of Defendants and/or that Defendants have caused the assets in both plans "to vanish." (*See id.* at ¶¶ 64-70, 71-73 & 75-77).

14. The remaining claims asserted in Plaintiff's Complaint allegedly occurred during and/or after she was terminated from her employment with Thomas and Pond in 2006; however, all remaining claims arise out of said employment. While it is unclear, Plaintiff's remaining allegations appear to consist of claims of: fraud; conversion; slander; breach of an oral contract; and breach of fiduciary duty. (*See id.* at 47, 52, 54, 59, 68-70 & 72).

### III.    FEDERAL QUESTION JURISDICTION

15. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States. Specifically, this civil action arises under: 29 U.S.C. § 1001 *et seq.*, ERISA; 42 U.S.C. § 2000e *et seq.*, Title VII of the Civil Rights Act; and 29 U.S.C. § 621 *et seq.*, the Age Discrimination in Employment Act.

16. A federal question is presented on the face of Plaintiff's Complaint and the Plaintiff has not exclusively relied upon state law. (*See* Complaint at ¶¶ 15, 32 & 35). This action could have been originally filed in federal court, thus this action is removable

Case 3:09-cv-00181-HTW-LRA   Document 1   Filed 03/26/09   Page 5 of 8

under 28 U.S.C. § 1441(b). *See Washington v. Direct Gen. Ins. Agency*, 130 F. Supp. 2d 820, 823 (S.D. Miss. 2000).

17.     Plaintiff alleges, *inter alia*, that Thomas and Pond, as Plaintiff's employers, had knowledge that Plaintiff was being harassed by a third party at her place of employment. (*See* Complaint at ¶¶ 15, 27 & 29). Plaintiff alleges that Thomas and Pond, as Plaintiff's employers, knew that Plaintiff was being subjected to a hostile work environment and yet did nothing; in fact Plaintiff alleges that Thomas and Pond are liable for the "conspiracy and harassment she had to endure." (*Id.* at ¶¶ 27-30). Plaintiff's Complaint alleges that the discrimination that she suffered violated Plaintiff's rights under Title VII of the Civil Rights Act as well as state law. (*Id.* at ¶ 32). Thus, this claim arises under federal law.

18.     Plaintiff also alleges that she was terminated from her employment and/or discriminated against based upon her age, which if true, raises a possible right to relief under the Age Discrimination in Employment Act. (*See id.* at ¶¶ 34-35). Thus, this claim arises under federal law.

19.     Finally, Plaintiff's Complaint purports to assert state law claims for the recovery of damages and other relief, arising from an employee benefit plan governed by ERISA. Specifically, Plaintiff alleges that Defendants breached fiduciary and/or other duties to Plaintiff with respect to retirement accounts established for her benefit, pursuant to Internal Revenue Code (I.R.C.) § 412(i), formerly 26 U.S.C. § 412(e)(3) (2006), by Thomas in connection with the "J. Dewayne Thomas Benefit Pension Trust" and by Pond in connection with the "Tax Deferred Annuity," and, further, that Defendants caused or assisted in causing "the transfer, conversion or termination of [Plaintiff's] retirement

plans." (*See* Complaint at ¶¶ 55-56, 64-70, 71-73 & 75-77). These retirement plans were sponsored, established and/or maintained by Plaintiff's former employers, Thomas and Pond. As a matter of law, ERISA preempts and supersedes Plaintiff's state law causes of action or claims for relief and is Plaintiff's exclusive remedy in connection with these plans. 29 U.S.C. §§ 1132(a) and 1144(a).

## IV. PARTIES AND NOTICE

20. J. Dewayne Thomas, Michael G. Pond, John Gadow, and Hartford Life and Annuity Insurance Company, the only properly served defendants, by and through counsel, reserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and with full reservation of all rights and defenses, hereby join in and consent to the removal of this action to the United States District Court for the Southern District of Mississippi, Jackson Division, and the grounds set forth in the Notice of Removal filed in this action, including federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

21. Pursuant to 28 U.S.C. § 1446(d), Plaintiff, as the only adverse party in this action, is being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the First Judicial District of Hinds County, Mississippi.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants J. Dewayne Thomas, Michael G. Pond, John Gadow, and Hartford Life and Annuity Insurance Company file this Notice of Removal and remove this civil action to the United States District Court for the Southern District of Mississippi, Jackson Division.

Respectfully submitted,

**J. DEWAYNE THOMAS**

BY: CARROLL WARREN & PARKER PLLC

BY: _/s/ James L. Carroll_ w/ permission DSM
James L. Carroll

OF COUNSEL:
James L. Carroll, Esq. (MSB # 5890)
Myles A. Parker, Esq. (MSB # 8746)
Scott Murray, Esq. (MSB # 102912)
CARROLL WARREN & PARKER PLLC
188 E. Capitol Street. Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Tel:    601.592.1010
Fax:    601.592.6060

**MICHAEL G. POND**

BY: _/s/ J. Wyatt Hazard_
J. Wyatt Hazard, Esq., (MSB #2141)
DANIEL COKER HORTON & BELL, PA
P. O. Box 1084
Jackson, Mississippi 39215-1084
Telephone: 601.969.7607
Facsimile:    601.969.1116

**JOHN GADOW**

BY: _/s/ J. Wyatt Hazard_
J. Wyatt Hazard, Esq., (MSB #2141)
DANIEL COKER HORTON & BELL, PA
P. O. Box 1084
Jackson, Mississippi 39215-1084
Telephone:    601.969.7607
Facsimile:    601.969.1116

HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY

BY: _____
Steven H. Begley, Esq. (MSB # 2317)
WELLS MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:   601.605.6900
ATTORNEY FOR DEFENDANT
HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned counsel for J. Dewayne Thomas, hereby certifies that a true and correct copy of the above and foregoing pleading has this day been served *via* United States First Class Mail, postage fully prepaid, or as noted otherwise, upon the following:

Louise H. McKlemurry
165 Jamison Court
Brandon, MS 39042

Ms. Barbara Dunn
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

THIS the 26th day of March, 2009.

_____ w/ permission DSM
James L. Carroll