

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT**
**OF HINDS COUNTY, MISSISSIPPI**
**JACKSON, MISSISSIPPI**

LOUISE H. McKLEMURRY                                    **PLAINTIFF**

VS.                                                     CIVIL ACTION NO. 251-09-208CIV

J. DEWAYNE THOMAS, MICHAEL G.
POND, JOHN GADOW, HARTFORD
LIFE AND ANNUITY INSURANCE
COMPANY, JOINTLY AND SEVERALLY
AND JOHN DOES A THROUGH Z                               **DEFENDANTS**

## COMPLAINT

### (Jury Trial Requested)

**COMES NOW** Plaintiff, Louise H. McKlemurry, and files this her Complaint against

Dewayne Thomas, Michael G. Pond, John Gadow, Hartford Life and Annuity Insurance Company,

and John Does A Through Z, and for cause would show until this Court the following facts, to-wit:

### I.

1.      Plaintiff, Louise H. McKlemurry, is an adult resident citizen of Brandon, Rankin

County, Mississippi, who resides at 165 Jamison Court, Brandon, Mississippi 39042 who may be

served with process at said address.

### II.

2.      Defendant, Dewayne Thomas, is an adult resident citizen of Jackson, Hinds County,

Mississippi, who resides at 119 McCarty Road, Jackson, Mississippi, and who may be served with

process at his place of business, the Hinds County Chancery Court Building, 316 South President

1



Street, Jackson, Mississippi 39201.

### III.

3.      Defendant, Michael G. Pond, is an adult resident citizen of Jackson, Hinds County, Mississippi who resides at 209 Winged Foot Circle, Jackson, Mississippi 39211-2530, who may be served with process at his place of business, 502 South President Street, Jackson, Mississippi 39201.

### IV.

4.      Defendant, John Gadow, is an adult resident citizen of Madison, Madison County, Mississippi, who resides at 720 Woodgate Drive, Madison, Mississippi, who may be served with process at his place of business, 502 South President Street, Jackson. Mississippi 39201.

### V.

5.      That Defendant, Hartford Life and Annuity Insurance Company, hereinafter referred to as "Hartford", is a corporation with its headquarters located in the State of Minnesota, who may be served with process through its Agent For Process, Charles A. Brewer, Attorney-at-Law, 506 South President Street, Jackson, Mississippi 39201.

### FACTS:

6. That beginning in 1989 Defendant, J. Dewayne Thomas, was Plaintiff's legal counsel, representing her in court and also representing and advising her in all legal matters requiring the services of an attorney. That Defendant, J. Dewayne Thomas, was Plaintiff's employer from 1992 until Defendant, John Gadow, terminated her employment.

7. That beginning in Defendant, Michael G. Pond, was Plaintiff's legal counsel, representing her in court and representing and advising her in all legal matters requiring the services of an attorney and was also Plaintiff's employer until Defendant, John Gadow, terminated her

2

employment.

8.    That Defendant, Michael G. Pond, had previously majored in economics, therefore he also advised Plaintiff in matters concerning investment and retirement matters as a part of the legal counsel he provided to her, and Plaintiff relied completely on the counsel, advice and legal representation of Defendant, Michael G Pond, and Defendant, J. Dewayne Thomas, for her financial and legal well-being.

9.    That Defendant, John Gadow, was a non-employee, of the law offices of Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, during the entire time Plaintiff worked next door to him.

10.    That in 2004, Defendant, John Gadow, opened his law practice at 506 South President Street, Jackson, Mississippi, and remained at that location until he moved his office into the building where Plaintiff had previously worked. That Plaintiff does not know when that happened but it was sometime after he had fired her.

11.    That in 1991, Plaintiff first began working at the 502 South President Street, Jackson, Mississippi, location. That at no time from 1991 until Defendant, John Gadow, forcibly took over and controlled the law practices of Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, had such an illegal takeover ever occurred where she worked and she was caught completely off guard. His illegal takeover of the law practices caused her extreme problems that ultimately led to Defendant, John Gadow, firing her.

12.    That Defendant, Hartford, is the corporation that established two separate retirement plans for Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, for the benefit of Plaintiff that have vanished since the termination of her employment.

13.   That appearances would suggest that the issues to be enumerated are employment related, however this is not a true assessment of the facts.  Many of the illegal actions taken against Plaintiff occurred at her workplace because Defendant, John Gadow, had forcibly obtained easy access to Plaintiff at that location.

14.   That the offenses against Plaintiff were not employment issues but were criminal in nature, and according to Mississippi State law are either misdemeanors or felonies that if convicted carry stiff prison sentences and/or hefty fines.  Some of the crimes that were committed against Plaintiff include conspiracy, fraud and several types of theft.

## ISSUES

15.  That beginning in 2004, numerous illegal actions have been taken against Plaintiff and some of these actions are ongoing as of the date of filing this Complaint.  These actions occurred with the full knowledge of Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, who did nothing  to protect her although they  both had a fiduciary responsibility to Plaintiff as her employers and  as her legal counsel.  That in their fiduciary capacity, it was their legal duty to provide Plaintiff with a safe work environment that would ensure that her constitutional rights that are guaranteed by the United States Constitution and applicable state laws were not violated.

16.  That when they knew what was happening to her and chose not to personally provide any protection for her, they then had a legal responsibility as her attorneys to advise her as to what steps she should take to provide  protection for herself without jeopardizing her employment with them.

17.  That Defendant, John Gadow, committed many illegal offenses against Plaintiff.  Some of these offenses occurred constantly for over a year and some continue as of today.  A number of these illegal offenses include, extreme harassment, defraud by false pretense, identity theft, wrongful

4

firing, age discrimination, conspiracy, theft of personal property, assisting in causing her retirement

to vanish and fraudulently giving false statements to a government agency to be used against

Plaintiff.

18.    That several illegal actions that have been taken against Plaintiff by all Defendants in

this Complaint occurred after her employment was terminated and the actions or the consequences

of the actions continue to plague her through the date of the filing of this Complaint.

## FRAUD BY FALSE PRETENSE

19.    That the takeover of Defendant, Michael G. Pond's, law practice by Defendant, John

Gadow, began in 2005 when he had Defendant, Michael G. Pond, come with him to Plaintiff's desk

and inform her that he was making immediate preparations to attend Tulane University in New

Orleans, Louisiana, and was giving his law practice to him and he would then be her employer.

20.  That Defendant, Michael G. Pond, was  in a fiduciary position as Plaintiff's employer

and  he was already a part time student at Millsaps College as well as practicing law in Jackson.,

Mississippi,  therefore  Plaintiff believed that this was a  decision he had personally made and that

he intended to begin attending college in New Orleans, Louisiana, the next semester and would no

longer be available to continue his law practice in Jackson, Mississippi.

21.    Plaintiff was further told that  Defendant, John Gadow, knew nothing about

bankruptcy and that until Defendant, Michael Pond, gave his law practice to him and began attending

college in Louisiana, that she was to teach him what he needed to know about bankruptcy and that

she was to do all of his bankruptcy work while continuing to do all of Defendant, Michael G. Pond's

legal work of any nature.

22.   That Plaintiff took this at face value without suspicion that this was a fraudulent means

5

of gaining bankruptcy knowledge and uncompensated labor from her for the benefit of Defendant, John Gadow, so she immediately began proceeding as instructed, believing that this was a temporary situation that was to last only until Defendant, Michael G. Pond, began attending Tulane and gave his law practice to Defendant, John Gadow.

23.    That Defendant, Michael G. Pond, never attended Tulane University and never gave his law practice to Defendant, John Gadow.  That when the fifth semester registration to attend Tulane was approaching, Plaintiff learned on July 10, 2006, that Defendant, Michael G. Pond had started advertising for new bankruptcy clients which would require him to continue his law practice in Jackson, Mississippi.

24.    That at no time, after the  fraud by false pretense against Plaintiff  began  did Defendant, Michael G. Pond, or Defendant, John Gadow, ever notify Plaintiff that their plans had been changed even though they knew that she was continuing to advise Defendant, John Gadow, about bankruptcy as it became necessary and that she was continuing to work without any compensation whatsoever for Defendant, John Gadow, which is against MCA  § 97-19-39 of 1972.

25.    That by falsely obtaining  uncompensated labor from Plaintiff, Defendant, John Gadow, enriched himself by approximately $175,000.00 to $250,000.00 or more from the actual labor of Plaintiff and he continues to gain income because of the bankruptcy knowledge he received from her which enables him to continue to advertise for and represent bankruptcy debtors.  That MCA § 97-19-39 Code of 1972 prohibits this kind of activity.

## HARASSMENT AND CONSPIRACY:

26.    That Defendant, John Gadow, as a non-employee of Defendant, J. Dewayne Thomas and Defendant, Michael G. Pond,  willfully  and with malice aforethought, began tormenting and

6

harassing Plaintiff on a daily basis, but his attempts to gain absolute control over her failed because he had nothing to "Blackmail her" with to make her yield to the pressure he was putting her under. He would yell and holler at her, prevent her from accomplishing her work for long periods of time and caused her workplace to become extremely hostile and abusive. This required her to take more and more work home with her to finish. Because of his interference, the work she would normally have finished while at the office could not be done there.

27.    That Defendant, Michael G. Pond, was aware of the harassment by Defendant, John Gadow, but never tried to stop it. He instead at times began conspiring with and participating in the harassment with Defendant, John Gadow which made him guilty and liable to Plaintiff for having to endure the harassment.

28.    That on one occasion, Defendant Michael G. Pond, and Defendant, John Gadow, called Plaintiff into another employee's office and asked "Do you think John is gay". There was no reason to do this. Plaintiff had never mentioned Defendant, John Gadow's, sexual preference in any way whatsoever and by questioning her, especially in front of Defendant, John Gadow, she was put in a very awkward position. All of the harassment and conspiracy against Plaintiff was illegal pursuant to MCA § 97-1-1.

29.    That Defendant, J. Dewayne Thomas, also was aware that Plaintiff was being harassed by Defendant, John Gadow, and that he often yelled and hollered at her. He also knew of his threats to eliminate the work she was doing and keep his young employee, Mandy Beasley, who was a non-employee of either Defendant, J. Dewayne Thomas or Defendant, Michael G. Pond, (which should have had nothing to do with Plaintiff) and that he was going to keep Defendant, Michael G. Pond's young employee, Emilee Broussard, and that Plaintiff would have no job. Defendant, J. Dewayne

7

Thomas. knew that Plaintiff was being verbally abused, intimidated, and had to endure hostile and demeaning harassment which resulted in a hostile workplace for Plaintiff, instigated by, Defendant, John Gadow, but he seemed powerless to do anything about the situation and did nothing to stop the harassment.

30.    That by being fully aware that Plaintiff was being harassed by Defendant, John Gadow, and doing nothing to stop it, Defendant, J. Dewayne Thomas, was also guilty and liable to Plaintiff for the conspiracy and harassment she had to endure.  He knew that Defendant, John Gadow, was not Plaintiff's employer, supervisor, co-worker, was not a client of the office, was not a vendor or any other legitimate person in the office but was instead an uninvited attorney who had infiltrated the office and took complete control of it.

31.    That Plaintiff was not told by anyone how this happened, when it happened or why it happened.  The takeover was subtle enough to catch Plaintiff off guard and Defendant, John Gadow's, activities were well established before she was aware that his control was not sanctioned by Defendant, J. Dewayne Thomas.

32.    That Plaintiff had to continue working in this hostile work environment until her employment was terminated because she believed she risked losing her jobs and she had nobody to come to her rescue.  That Defendant, John Gadow, was allowed to change all of her normal working conditions and to tell her what she could or could not do.  Plaintiff suffered greatly at the hands of all concerned, which adversely affected her health.  That this form of discrimination violated her rights under Title VII of the civil rights act of 1964 as well as state law.

33.    That Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, as Plaintiff's legal counsel,  never once gave her any advice as to what steps she should take to protect herself

from the treatment she was receiving without jeopardizing her employment with them even though they had an obligation to do so.

## AGE DISCRIMINATION:

34.    That Defendant, John Gadow, made good on his threats to keep the young employees and eliminate Plaintiff's jobs. He fired Plaintiff and kept his young employee, Mandy Beasley, which should have had nothing to do with her or her work, and kept the young employee of Defendant, Michael G. Pond, Emilee Broussard which is in violation of Title VII of the civil rights act of 1964 and appropriate state statutes.

35. That by allowing Defendant, John Gadow, to act on his behalf in any way, Defendant, Michael G. Pond, also discriminated against Plaintiff because of her age which is in violation of Title VII of the civil rights act of 1964 and appropriate state statutes.

## WRONGFUL FIRING WITHOUT DIGNITY OR RESPECT:

36.    That on July 11, 2006, after coming to Plaintiff's desk and harassing her non-stop for over three (3) hours Defendant, John Gadow went back to his law office where Defendant, Michael Pond, was waiting, without Plaintiff being aware that he was there. Defendant, Michael G. Pond, knowing that Defendant John Gadow, was harassing Plaintiff for such a long time and had put her through such enormous pressure, anxiety, stress, humiliation, hostility, abuse, and demeaning accusations that made it impossible for her to get any work done during that time, without intervening on her behalf, then came to the office where Plaintiff was and sent her home for the rest of the week with the understanding that she was to return to work the following Monday, which is what she did.

37.    That immediately prior to Plaintiff being sent home, both Defendant, Michael Pond,

9

and Defendant, John Gadow contacted Defendant, J. Dewayne Thomas, and the three of them conspired with each other to make it appear that Plaintiff had quit her employment with both of them, apparently by pressure from Defendant, John Gadow.

38.    That the only time Defendant, J. Dewayne Thomas, had ever mentioned terminating Plaintiff's employment with him was during the Christmas season of 2005, when while he was out of the office be became upset, returned to the office and fired all of his employees including Plaintiff. That once he regained his composure he let everybody know that they still had a job with him.

39.    That Defendant, Michael G. Pond, never once from 1994 until she was fired, ever indicated that he wanted Plaintiff to quit working for him, not even when he sent her home.

40.    That had either Defendant, J. Dewayne Thomas, or Defendant, Michael G. Pond, asked Plaintiff to quit working for them, she would have done so and retired without incident, but Defendant, John Gadow, had no right to have anything to do with her employment and Plaintiff had no intention of quitting even with the tactics he used to force her to terminate her employment and she never did so he fired her.

41.    That after Defendant, Michael Pond, Defendant, J. Dewayne Thomas, and Defendant, John Gadow, conspired with each other to make it look like Plaintiff had ended her employment voluntarily, Defendant, Michael G. Pond, acted as though he thought she was ill and told her that she should go home until she got to feeling better and come back to work on Monday, which she did.

42.    That nobody asked Plaintiff for her office key but while she was off work, Defendant, J. Dewayne Thomas, had the door lock changed so Plaintiff could not get in the building when she returned to work as scheduled. She had not been notified in any way that she would be unable to get in the building, that no employee or employer would be there and that everybody had been instructed

10

to not answer their telephone if Plaintiff called them.

43.    That when Plaintiff arrived at work and encountered the circumstances described above, Blake Tyler, who was an employee of Defendant, John Gadow, drove up next door and eventually got in touch with Defendant, John Gadow.

44.    That Defendant, John Gadow, came the office and fired Plaintiff from her employment with Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, without giving a reason why she was being fired.    This resulted in great financial loss to Plaintiff which included the vanishing of her retirement plans that had been set up for her that were active on the day she was fired.

### THEFT OF PERSONAL PROPERTY

45.    That once Plaintiff ~~was fired~~  she attempted to get her personal property that she had taken to the office over many years.  Defendant, John Gadow,  blocked access to things that belonged to her to prevent her from taking her possessions, so she started getting what she could reach.

46.  That Blake Tyler, who had come into the building when Plaintiff did,  got two Baker's boxes for her to use to get what she was able to get her hands on..  Plaintiff retrieved one box with his help and he who took it to the car for her, but while they were gone Defendant, John Gadow, hid the second box she had filled and  Plaintiff has never been able to recover any more of her personal possessions.  Plaintiff estimates that the things seized and stolen from her by Defendant, John Gadow, had a value of  between $250.00 and $500.00.  As of the date of the filing of this Complaint, Defendant, John Gadow, is still in possession of this personal property which is illegal pursuant to MCA §97-17-41 Code of 1972 that will become repealed by Senate Bill 2957 on July 1, 2009.

11

47. That by allowing Defendant, John Gadow, to act on his behalf by firing and then seizing and stealing Plaintiff's personal property, Defendant, Dewayne Thomas, is also guilty of stealing Plaintiff's personal property which is illegal pursuant to MCA §97-17-41 Code of 1972 that will become repealed by Senate Bill 2957 on July 1, 2009.

48. That by allowing Defendant, John Gadow, to act on his behalf by firing and then seizing and stealing Plaintiff's personal property, Defendant, Michael G. Pond, is also guilty of stealing Plaintiff's personal property which is illegal pursuant to MCA §97-17-41 Code of 1972 that will become repealed by Senate Bill 2957 on July 1, 2009.

## IDENTITY THEFT

49. That prior to August 8, 2006, Plaintiff filed for unemployment compensation. The Mississippi Employment Security Commission called Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, to verify the reason that Plaintiff was fired. The MESC records show that Defendant, J. Dewayne Thomas, gave derogatory statements for both Defendant, Michael G. Pond, and himself that resulted in Plaintiff's claim, for unemployment benefits being denied. Plaintiff then appealed the decision and it was reversed.

50. That the statements that were given to MESC, showed that Defendant, Dewayne Thomas, was the one who had given the statements, which was not true. Defendant, John Gadow, had intercepted the telephone call from MESC, stole Defendant, Dewayne Thomas' identity, identified himself as Dewayne Thomas, and fraudulently provided false and derogatory information to this government agency to prevent Plaintiff from receiving unemployment benefits that would total $5,460.00. He also stole the identity of Defendant, Michael G. Pond, by giving fraudulent statements to MESC that he attributed to Defendant, Michael G. Pond, as Plaintiff's employer,

when Defendant, Michael G. Pond, was not even present when the happenings occurred. They were between Defendant, John Gadow and Plaintiff and he had never been her employer. That by identifying this information as involving Defendant, Michael Pond, as Plaintiff's employer, then Defendant, John Gadow also stole the identity of him as well and made these fraudulent statements to MESC.

51. That because Defendant, John Gadow, stole the identify of both Defendant, Dewayne Thomas, and Defendant, Michael Pond, and maliciously gave fraudulent, false and derogatory information to this state agency, Plaintiff was forced to Appeal the denial of benefits. That pursuant to MCA 97-19-85 Code of 1972, the fraudulent use of identity to make false statements with the intent to . . . . . . . . . . . . . . . .or anything of value. . . . . . . is an illegal act.

52. That by failing to correct the fraudulent false and derogatory information given to the Mississippi Employment Security Commission, as being given by him, Defendant, J. Dewayne Thomas, after learning of these illegal actions that have left a black mark against the employment record of Plaintiff, has resulted in his sanctioning of Defendant, John Gadow's identity theft and making false statements to a government agency and his failure to act has made him a party thereto. That the false statements against Plaintiff to this day remain on the MESC records as if they were true. Therefore Defendant, J. Dewayne Thomas, aided and abetted Defendant, John Gadow, after the fact in his illegal actions against Plaintiff. That pursuant to MCA 97-19-85 Code of 1972, the fraudulent use of identity to make false statements with the intent to . . . . . . . . . . . . . .or anything of value. . . . . . . is an illegal act.

53. That by failing to correct the fraudulent false and derogatory information given to this state agency on his behalf, Defendant, Michael G. Pond, after learning of this illegal act that has

13

left a black mark against the employment record of Plaintiff, has resulted in his sanctioning of

Defendant, John Gadow's identity theft and making false statements to a government agency and this

failure to act has made him a party thereto. That the false statements against Plaintiff continue to

remain on the MESC records as if they were true. Therefore Defendant, Michael G. Pond, aided and

abetted Defendant, John Gadow, after the fact, in his illegal action against Plaintiff. That pursuant

to MCA 97-19-85 Code of 1972, the fraudulent use of identity to make false statements with the

intent to .............or anything of value... is an illegal act.

## BREACH OF VERBAL CONTRACT

54.    That with her years of trust in their legal advice and counsel, Plaintiff entered into a

verbal agreement with Defendant, Michael G. Pond, and Defendant, J. Dewayne Thomas, without

hesitation, that involved retirement plans that they were to set up for her that would give them

immediate tax breaks and would provide deferment of taxes for her until after she retired when her

income would be reduced.

55.    That as a part of the verbal contract that was entered into with Plaintiff, Defendant,

Michael G. Pond, established with Defendant, Hartford, a Tax Deferred Annuity retirement plan that

was active when Plaintiff's employment was terminated.

56.    That as a part of the verbal contract that was entered into, with Plaintiff, Defendant,

J. Dewayne Thomas, established with Defendant, Hartford, an IRS Code 412i retirement plan that

included the "J. Dewayne Thomas Benefit Pension Trust" that was active when Plaintiff's

employment was terminated.

57.    That when Defendant, Michael G. Pond, had Defendant, Hartford, establish the Tax

Deferred Annuity, he made all of the decisions concerning the retirement plan. The legal advice that

14

he gave Plaintiff was that this was a safe retirement plan that would be in her best interest and would have almost no risk to her and that she should give the necessary required approval to Defendant, Hartford, which she did.

58.     That when Defendant, J. Dewayne Thomas, had Defendant, Hartford, establish the IRS Code 412i, retirement plan that included the "J,. Dewayne Thomas Benefit Pension Trust" he was the Trustee of the Plan as well as the Administrator of the Plan, and he made all of the decisions involving the retirement plan, determined the legal aspects concerning Plaintiff's interest and advised her to give the necessary required approval to Defendant, Hartford, which she did.

59. That from the time the verbal contract was entered into with both Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, Plaintiff did what was required of her.  That by being fired and being denied access to both the law office of Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, she was barred from any further participation and there was nothing she could do.  That by taking such action against Plaintiff, both Defendant, J. Dewayne Thomas, and Defendant, Michael G. Pond, breached the verbal contract with Plaintiff.

## THEFT OF OR TRANSFER, CONVERSION
## OR TERMINATION OF RETIREMENT

60. That when Plaintiff was fired, she immediately contacted Defendant, Dewayne Thomas, in an attempt to locate her retirement plan that had been set up for her by him but after numerous requests for information, he ignored all attempts made by her, except on March 22, 2007, he signed a letter authorizing Defendant, Hartford, to release information to Plaintiff which acknowledged his legal responsibility to her.

61. That after Plaintiff continued to contact Defendant, Hartford, on June 29, 2007, they sent

another letter to her stating that they are unable to provide any additional information to her. They sent a carbon copy of that letter to Defendant, J. Dewayne Thomas, as well advising that he could contact them directly. Plaintiff was never told whether or not he contacted them.

62. . That when Plaintiff was fired, she immediately contacted Defendant, Michael G. Pond, in an attempt to locate her retirement plan that had been set up for her by him, but after numerous requests for information, he ignored all attempts made by her, except on March 15, 2007, Defendant, Michael G. Pond, signed a letter authorizing Defendant Hartford, to release information to Plaintiff which acknowledged his legal responsibility to her.

63. That after Plaintiff continued to contact Defendant, Hartford, on June 29, 2007, they sent another letter to her stating that they are unable to provide any additional information to her. They sent a carbon copy of that letter to Defendant, Michael G. Pond, as well advising that he could contact them directly. Plaintiff was never told whether or not he contacted them.

64. That after all attempts to get information about her retirement plans failed, Plaintiff contacted Defendant, Hartford, by telephone, wrote letters, sent e-mails, sent overnight mail and faxed information requested by Defendant, Hartford. Plaintiff also sent the authorization letters to Defendant, Hartford, from both Defendant, Dewayne Thomas, and Defendant, Michael G. Pond, as stated above but as of this date, she had been unable to get any information from either of the three Defendants and still does not know what happened to her retirement accounts.

65. That Defendant, Hartford, with authorization in their hands, still refuse to release any information to Plaintiff, stating that she is not the beneficiary of any account with them when the retirement benefits are to be paid to her.

66. That after Plaintiff has complied with all requests from Defendant, Hartford, they have

16

given her no pertinent information but instead have advised her on several occasions that they have nothing of value for her benefit or that they cannot find anything in their records to show that anything has ever been issued by them for her benefit that was set up by either Defendant, J, Dewayne Thomas, or Defendant, Michael G. Pond.

67. That Plaintiff's retirement plans were active at the time her employment was terminated and Defendant, John Gadow, was the individual who determined what her severance package would contain and what part of her personal property she was allowed to recover at firing, therefore he is be liable for the part he played in the vanishing of her retirement benefits from both Defendant, J,. Dewayne Thomas, and Defendant, Michael G. Pond.

68. That since Defendant, Hartford, has determined that nothing exists with them for the benefit of Plaintiff, it therefore appears that the sums of money that were paid to fund these retirement plans have been transferred, converted to someone other than Plaintiff or that her retirement plans have been completely done away with and that the money paid into these accounts has been put in accounts for someone other than Plaintiff.

69. That as of this date, Defendant, Dewayne Thomas, has refused to tell Plaintiff where her IRS Code 412i retirement account is located and has refused to assist her in any recovery from the account with the exception of signing an authorization letter for Defendant, Hartford, that they refuse to act on.

70. That as of this date, Defendant, Michael G. Pond, has refused to tell Plaintiff where her Tax Deferred Annuity retirement account is located and has refused to assist her in any recovery from the account with the exception of signing an authorization letter for Defendant, Hartford, that they refuse to act on.

17

## BREACH OF FIDUCIARY DUTY

71.    That Hartford, as the corporation who issued retirement plans for the benefit of Plaintiff, and who refuses to provide information regarding these retirement accounts to Plaintiff, has breached their fiduciary duty to Plaintiff and by doing so has rendered Plaintiff incapable of determining to what extend the Administrator of the IRS Code 412i retirement fund and the Trustee of the "J. Dewayne Thomas Benefit Pension Trust" and the Administrator of the Tax Deferred Annuity have breached their fiduciary duty to Plaintiff.

72.    That Defendant, J. Dewayne Thomas, who was the employer, retirement advisor and legal counsel for Plaintiff, who notified Plaintiff that he had established, and did establish with Defendant, Hartford, the IRS Code 412i retirement plan with the "J. Dewayne Thomas Benefit Pension Trust" as a part of said retirement account and who was also the Trustee of that Trust, by causing the retirement plan to vanish, and which is an ongoing search by Plaintiff, has breached his fiduciary duty to her and has also committed legal malpractice.

73.    That Defendant, Michael G. Pond, who was the employer, retirement advisor and legal counsel for Plaintiff, who notified Plaintiff that he had established, and did establish with Defendant, Hartford, the Tax Deferred Annuity, by causing the retirement plan to vanish, which is still an ongoing search by Plaintiff, has breached his fiduciary duty to her and has committed legal malpractice.

## CHARGES

74.    Plaintiff moves this Court to find Defendant, John Gadow, guilty of Fraud by False Pretense, fraudulently obtaining needed bankruptcy training and obtaining work without compensation from Plaintiff, Harassment, Illegally Taking Control of the Law Offices where she

worked which resulted in the termination of her employment that has caused great financial harm to her, Conspiracy, Age Discrimination, Wrongful Firing Without Dignity or Respect, Theft of Personal Property, Theft or Transfer, Conversion or Terminating of her Retirement, identity theft and giving fraudulent false information to a government agency to prevent Plaintiff from receiving unemployment benefits and causing or assisting in causing the transfer, conversion or termination of her retirement plans.

75.    Plaintiff moves this Court to find Defendant, Michael G. Pond, guilty of Fraud by False Pretense, fraudulently obtaining needed bankruptcy training and obtaining work without compensation from Plaintiff for the benefit of Defendant, John Gadow, Harassment, Conspiracy, Age Discrimination, Wrongful Firing Without Dignity or respect, Theft of Personal Property, aiding and abetting Defendant, John Gadow, after the fact, in using identity theft to fraudulently give false statements to a government agency against Plaintiff to prevent her from drawing unemployment benefits, failure to correct false information given to MESC resulting in Plaintiff's good name and employment record continuing to have a black mark with this state agency, guilty of breach of verbal contract, breach of fiduciary duty to Plaintiff, causing or assisting someone else to cause the transfer, conversion or termination of her retirement plan and legal malpractice.

76.    Plaintiff moves this Court to find Defendant, Dewayne Thomas, guilty of Harassment, and Conspiracy, Wrongful Firing without dignity or respect, theft of personal property, aiding and abetting Defendant, John Gadow, after the fact, in using identity theft to fraudulently give false statements to a government agency to prevent Plaintiff from drawing unemployment benefits, failure to correct false information given to MESC resulting in Plaintiff's good name and employment record continuing to have a black mark with this state agency, guilty of breach of verbal contract,

breach of fiduciary duty to Plaintiff, causing or assisting someone else to cause the transfer, conversion or termination of her retirement plan and legal malpractice.

77.    Plaintiff moves this Court to find Defendant, Hartford, guilty of refusing to give Plaintiff information concerning the IRS Code 412i retirement plan with the "J. Dewayne Thomas Benefit Pension Trust, that was set up by Defendant J. Dewayne Thomas, and the Tax Deferred Annuity, that was set up by Defendant, Michael G. Pond, even with authorization from them as well as Plaintiff being a third party beneficiary with rights that they have ignored.  That they have breached their fiduciary duty to Plaintiff regarding the retirement plans and causing or assisting in causing the transfer, conversion or termination of her retirement plans.

## DAMAGES

78.    Plaintiff moves this Court to find that  Defendants, John Gadow, Michael G. Pond, Dewayne Thomas, and Hartford did willfully and with malice aforethought, commit the actions shown above against Plaintiff and that they are guilty of the actions they are charged with and assess both actual and punitive damages in an amount to be determined by the Court and/or the jury and that she be awarded cost of Court and attorney fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that her Complaint be heard and that Defendants be required to compensate Plaintiff for the actions taken against her.  That each charge be carefully considered and that should any of them be found to be without merit that the

remainder of them stand on their own and that each Defendant be treated jointly and/or severally in

making said determination.

    **DATED** this the 26th day of February, 2009.

Respectfully submitted,

Louise H. McKlemurry
Pro Se

Louise H. McKlemurry
165 Jamison Court
Brandon, MS 39042

Telephone: (601) 825-7349

<u>**AFFIDAVIT**</u>

**STATE OF MISSISSIPPI**

**COUNTY OF HINDS**

 **PERSONALLY CAME AND APPEARED BEFORE ME**, the undersigned authority in

and for the jurisdiction aforesaid, the within named Louise H. McKlemurry, who after being first

duly sworn, stated on her oath that she is the Plaintiff in the above and foregoing Complaint and that

the facts and statements therein contained are true and correct to the best of her information,

knowledge and belief.

_____
     **LOUISE H. McKLEMURRY**

**SWORN TO AND SUBSCRIBED BEFORE ME** this the 26th day of February, 2009.

_____
     **NOTARY PUBLIC**

My Commission Expires:

March 20, 2011

R#01-1158
R#09-900

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

MCKLEMURRY LOUISE H _____ Plaintiff    DATE: _02-26-09_
VS.
_THOMAS J DEWAYNE ET AL_ _____ Defendant   No. _251-09-000208-CIV_

# FILED

## FILED

MAR - 4 2009

BARBARA DUNN, CIRCUIT CLERK

BY_____D.C.

### SUMMONS

_26 day of Feb_, 20 _09_, OFFICE
M. E. McMILLIN, Sheriff, Hinds County, MS

By_____D.S.

TO THE SHERIFF OR ANY PERSON AUTHORIZED BY STATUTE:

You are hereby commanded to Summons:

DEWAYNE THOMAS- HINDS COUNTY CHANCERY COURT, 316 SOUTH PRESIDENT ST,
    JACKSON, MS 39201
MICHAEL G POND- 502 SOUTH PRESIDENT STREET, JACKSON, MS 39201
JOHN GADOW - 502 SOUTH PRESIDENT STREET, JACKSON, MS 39201
HARTFORD LIFE AND ANNUITY INSURANCE COMPANY - AGENT CHARLES A BREWER,
    ATTORNEY, 506 SOUTH PRESIDENT STREET, JACKSON, MS

### NOTICE TO DEFENDANT

THE _COMPLAINT_____ WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS BY FILING YOUR ANSWER AS PROVIDED BY LAW AND/OR
THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

THIS ANSWER MUST BE FILED AS PROVIDED BY LAW AND/OR THE MISSISSIPPI RULES OF CIVIL
PROCEDURE WITHIN 30 DAYS OF THE DATE YOU ARE SERVED OR A JUDGMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**BARBARA DUNN**
Circuit Clerk
Hinds County, Mississippi
Post Office Box 327
Jackson, Mississippi 39205

_LOUISE H MCKLEMURRY_____
ATTORNEY FOR    PLAINTIFF

_165 JAMISON COURT_____
ADDRESS                          By _____ D.C.

_BRANDON        MS   39042_____
CITY, STATE, ZIP

_601-825-7349_
PHONE NUMBER                      RETURN

CCKSUM3

STATE OF MISSISSIPPI
COUNTY OF HINDS
I have this day executed the within writ personally
by delivering to he within named defendant.

_Dewayne Thomas_
_Michael G. Pond_
A true _____
Feb,                    27 day of
09
By _R.C. Alfred III_                    D.S.

STATE OF MISSISSIPPI
COUNTY OF HINDS
I have this day executed the within writ personally
by delivering to the within named defendant.

_John Gadow_

A true copy
Feb,                    27 day of
09
By _R. C. Alfred III_                    D.S.

STATE OF MISSISSIPPI
COUNTY OF HINDS
Executed aforesaid on the _Hartford Life_
_+ Annuity Ins. Co._

_Charles Brewer by_
_Danny Perry_
This 27  Feb           09
By _R.C. Alfred_                    D.S.