**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

LOUISE H. McKLEMURRY PLAINTIFF

vs. Civil Action No. 3:09-cv-181 HTW-LRA

J. DEWAYNE THOMAS, MICHAEL G. POND,
JOHN GADOW, Individually and Severally, and
JOHN DOES A THROUGH Z DEFENDANTS

**ORDER DENYING REMAND**

Before this court is plaintiff Louise H. McKlemurry's ("McKlemurry") motion to remand [**Docket Nos. 40 and 64**]. Plaintiff, a citizen of the State of Mississippi, filed this lawsuit against defendants in the Circuit Court of the First Judicial District of Hinds County, Mississippi, and now, pursuant to Title 28 U.S.C. § 1447(c),[1] asks this court to return the lawsuit there. Defendants are J. Dewayne Thomas ("Thomas"), Michael G. Pond ("Pond"), John Gadow ("Gadow"), Hartford Life and Annuity Insurance Company ("Hartford"),[2] and John Does A through Z.[3] This court does not have subject matter

---

[1] Title 28 U.S.C. § 1447(c) provides in pertinent part:

> **(c)** A motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

[2] Hartford was dismissed from this lawsuit.

[3] Since these are fictitious defendants and the jurisdictional question presented before the court is whether plaintiff has cleansed her complaint of federal claims divesting the court of its federal question jurisdiction, their mention does not impact the question of remand. *See e.g.,* Title 28 U.S.C. § 1441 (a) for its easy answer: "[f]or the purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *Lundy v. Cliburn Truck Lines, Inc*., 397 F. Supp. 2d 823 (S.D. Miss. 2005) ([U]nidentified defendants are disregarded in this diversity of citizenship analysis."); *Lizana v. Guidant Corp*., 2004 U.S. Dist. LEXIS 27623, * 6 (S.D. Miss. 2004) ("For purposes of removal, the Court disregards

jurisdiction under diversity of citizenship; plaintiff and defendants Thomas, Pond and Gadow are all citizens of the State of Mississippi. The defendants removed on the basis of federal question jurisdiction as provided for under Title 28 U.S.C. § 1331,[4] since plaintiff's original complaint asserted a cause of action under federal statutory law.

The key issue in this case is whether, by amendment, plaintiff has successfully sanitized her complaint of federal claims, asserting now only state law claims, so that this court should oblige plaintiff's motion to send this dispute back to state court. Having heard arguments of the parties and having fully considered the parties' submissions and applicable law, this court answers that interrogatory in the negative and denies plaintiff's motion to remand.

## I. Background

### A. Procedural History

Plaintiff filed her complaint against Thomas, Pond, Gadow, Hartford, and John Does A through Z on February 26, 2009, alleging: (1) fraud by false pretense;[5] (2)

---

citizenship of defendants sued under fictitious names."); *Murphy v. AmSouth Bank*, 269 F. Supp. 2d 749, 750 (S.D. Miss. 2003) ("Since for purposes of removal the citizenship of John Doe defendants is disregarded, see 28 U.S.C. § 1441(a), there is and has been complete diversity of citizenship.").

[4] Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States."

[5] Plaintiff asserts her claim (a criminal claim) pursuant to Miss. Code Ann. § 97-19-39 which provides "[e]very person, who with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, or valuable thing, with a value of Five Hundred Dollars ($500.00) or more, upon conviction thereof shall be guilty of a felony and punished by imprisonment in the State Penitentiary not exceeding ten (10) years, and by a fine not exceeding Ten Thousand Dollars ($10,000.00)."

harassment and conspiracy;[6] (3) age discrimination under Title VII;[7] (4) wrongful firing without dignity or respect;[8] (5) theft of personal property;[9] (6) identity theft;[10] (7) breach of verbal contract;[11] (8) theft of, or transfer, conversion or termination of, retirement;[12]

---

[6] Plaintiff cites her harassment and conspiracy claim (a criminal claim) pursuant to Miss. Code Ann. § 97-1-1. *See e.g., Franklin v. State*, 676 So. 2d 287 (Miss. 1996) (providing that by its very nature, conspiracy is a joint or group offense requiring concert of free will and, furthermore, conspiracy requires union of minds of conspirators).

[7] Plaintiff cites to Title VII of Civil Rights Act of 1964.

[8] Plaintiff does not cite to a specific statute; however, defendants argue that plaintiff's wrongful termination claim travels pursuant to Title VII, namely, the Civil Rights Act of 1964, codified as Subchapter VI of Chapter 21 of Title 42 U.S.C. § 2000e [2] *et seq*. It prohibits discrimination by covered employers on the basis of race, color, religion, sex or national origin (see Title 42 U.S.C. § 2000e-2[23]).

[9] Plaintiff cites to Miss. Code Ann. § 97-17-41 which provides that "[e]very person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the Penitentiary for a term not exceeding ten (10) years; or shall be fined not more than Ten Thousand Dollars ($10,000.00), or both. The total value of property taken and carried away by the person from a single victim shall be aggregated in determining the gravity of the offense."

[10] Plaintiff cites to Miss. Code Ann. § 97-19-85 which provides that "[a]ny person who shall make or cause to be made any false statement or representation as to his or another person's or entity's identity, social security account number, credit card number, debit card number or other identifying information for the purpose of fraudulently obtaining or with the intent to obtain goods, services or any thing of value, shall be guilty of a felony and upon conviction thereof for a first offense shall be fined not more than Five Thousand Dollars ($5,000.00) or imprisoned for a term not to exceed five (5) years, or both. For a second or subsequent offense such person, upon conviction, shall be fined not more than Ten Thousand Dollars ($10,000.00) or imprisoned for a term not to exceed ten (10) years, or both. In addition to the fines and imprisonment provided in this section, a person convicted under this section shall be ordered to pay restitution as provided in Section 99-37-1 *et seq*."

[11] Plaintiff cites no statute.

[12] Plaintiff does not cite to a specific statute; however, defendants argue that plaintiff's theft of or transfer, conversion or termination of retirement claim is pursuant to the Employee Retirement Income Act (ERISA) under Title 29 U.S.C. § 1001, *et seq.*, (ERISA).

and (9) breach of fiduciary duty.[13]

Defendants subsequently removed this case [**Docket No. 1**] to this court on March 26, 2009, on the basis that this court has subject matter jurisdiction pursuant to federal question jurisdiction, Title 28 U.S.C. §§ 1331,[14] 1441,[15] and 1446.[16] The removal focused upon plaintiff's claim under Title VII, a federal statute, and upon plaintiff's claim against Hartford, with defendants contending that this claim ultimately

---

[13] Plaintiff cites no statute.

[14] Title 28 U.S.C. § 1331 provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[15] Title 28 U.S.C. § 1441(a) states, in pertinent part, that "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[16] Title 28 U.S.C. § 1446 provides in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

invokes the federal question jurisdiction of this court under the Employee Retirement Income Act (ERISA) pursuant to Title 29 U.S.C. § 1001, *et seq.*

After defendants removed this case to this federal court on March 26, 2009, plaintiff amended her complaint. In plaintiff's first amended complaint, she voluntarily dismissed her claims against Hartford but reasserted claims against the remaining defendants for: (1) harassment under Title VII; (2) unjust enrichment; (3) breach of verbal contract by defendants Thomas and Pond; (4) legal malpractice; (5) conspiracy under the Fifth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. § 1985(3);[17] (6) wrongful firing under the Equal Protection Clause guaranteed by the Fourteenth Amendment of the United States Constitution and made actionable by Title 42 U.S.C. § 1985(3); (7) theft of personal property under Miss. Code Ann. § 97-17-41; (8) retaliation and deprivation of civil rights pursuant to Title 18 U.S.C. § 1001[18]

---

[17] Title 42 U.S.C. § 1985(3) provides "[i]f two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

[18] Title 18 U.S.C. § 1001 provides:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--

and Title 42 U.S.C. § 1985(3); (9) intentional infliction of emotional distress; and (10) personal injury.

Plaintiff next sought leave to amend her complaint on October 27, 2009, approximately four (4) months after the deadline prescribed in the case management order for plaintiff to amend her complaint. Plaintiff says that on May 30, 2009, she sustained a physical injury that required immediate surgery and a brief stay in a rehabilitation facility. While in the facility, plaintiff alleges she was overwhelmed by powerful medication prescribed to help eliminate the accompanying pain of her surgery.

---

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2) makes any materially false, fictitious, or fraudulent statement or representation; or

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

(b) Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.

(c) With respect to any matter within the jurisdiction of the legislative branch, subsection (a) shall apply only to--

(1) administrative matters, including a claim for payment, a matter related to the procurement of property or services, personnel or employment practices, or support services, or a document required by law, rule, or regulation to be submitted to the Congress or any office or officer within the legislative branch; or

(2) any investigation or review, conducted pursuant to the authority of any committee, subcommittee, commission or office of the Congress, consistent with applicable rules of the House or Senate.

Her memory was clouded by these powerful medications during her stay at the rehabilitation facility, she adds, and as a result, she could not adequately prepare her first amended complaint dated June 12, 2009. According to plaintiff, her motion asking leave to file a second amended complaint was sought to clarify issues she was attempting to address in her first amended complaint. Plaintiff's motion to amend her complaint for a second time was granted by the assigned Magistrate Judge on November 17, 2009 [**Docket No. 48**].

In plaintiff's second amended complaint, she asserts claims for: (1) fraudulent misrepresentation; (2) unjust enrichment; (3) unlawful interference with employment; (4) slander; (5) conspiracy; (6) wrongful firing by someone with no legal standing involving her employment; (7) theft of personal property; (8) breach of verbal contract; (9) legal malpractice; (10) criminal impersonation; (11) mental anguish, pain and suffering; and (12) personal injury. She contends that all of these claims arise under Mississippi state law. She named as defendants J. Dewayne Thomas, Michael G. Pond, John Gadow and John Does A through Z.

**B. Relevant Facts**

Plaintiff was a former shared employee of Thomas and Pond. Thomas and Pond, attorneys at-law, operated a law firm at 502 South President Street, Jackson, Mississippi. Plaintiff was employed by Thomas as a paralegal/legal secretary from 1992 to July 17, 2006, and by Pond in the same capacity from circa 1993 or 1994 through July 17, 2006. Plaintiff says that in 2003 or 2004, she entered into two separate oral contracts with Thomas and Pond relative to her anticipated work on

Mississippi Department of Human Services cases and Mississippi Workers Compensation Commission cases. She alleges that Thomas and Pond agreed to pay her $10,000.00 a year separately for three (3) years into retirement totaling $30,000.00 (or $60,000.00 combining the two agreements). Plaintiff complains that she rendered services, but was not compensated as agreed.

Plaintiff also mentions that Thomas and Pond represented her as attorneys in personal legal matters starting 2003 or 2004. Further, Thomas and Pond advised her, she adds, in matters concerning investment and retirement. By these representations, she sketches a close working relationship with the two.

In 2004, defendant John Gadow opened his law office next door to plaintiff's place of employment. Plaintiff says she was never Gadow's employee and knows very little about his law practice. Plaintiff alleges, however, that because of Gadow's long standing friendship with Pond and his office's close proximity to her place of employment, Gadow was able to gain easy access to her which enabled him to interfere with her employment.

Plaintiff alleges that this interference, *inter alia*, was especially seen in Gadow's undue slanderous statements to her employers about her. Gadow's interference, continues plaintiff, caused her to be wrongfully terminated and, as a result, she was forcibly removed from her former employers' premises and was unable to retrieve her personal property from their office.

Gadow's interference did not stop there, she says. Because of fraudulent information submitted by him and by her former employers to the Mississippi Department of Employment Security, she was deprived of unemployment benefits,

which resulted in financial setbacks, depression and mental anguish.

## II. Analysis

### A. Remand Standard

Federal courts are courts of limited jurisdiction. Removing defendants bear the burden of establishing federal subject matter jurisdiction. *See Pullman Co. V. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Webb ex. rel. Groth v. City of Leland, Mississippi,* 2004 WL 3092767, 1 (N.D. Miss. 2004). "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

"Once [a] case is removed, a plaintiff's voluntary amendment to a complaint will not necessarily defeat federal jurisdiction; it is within the district court's discretion whether to remand the action to state court." *Lone Star OB/GYN Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). "[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished. Instead, the decision as to whether to retain the pendent claims lies within the sound discretion of the district court." *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990). "A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988).

"[A] district court may not remand if the defendant demonstrates the presence of a 'substantial federal claim, e.g., one completely preempted by ERISA[.]" *See Aetna Health, Inc.*, 579 F.3d at 529. "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008).

**B. Federal Jurisdiction**

In plaintiff's motion to remand, she argues that her original complaint contained federal claims that are no longer being pursued to date. Plaintiff's latest complaint facially omits any reference to the United States Constitution and/or federal statutes in lieu of claims based upon Mississippi constitutional law, the Mississippi Code, and Mississippi common law. In plaintiff's reply to defendant's response in opposition to her motion to remand [**Docket No. 60**], she expounds upon the claims made in her second amended complaint. She does not specifically rebut, distinguish, or attack any of the arguments made by defendants and their contention that plaintiff's case should remain in federal court.

Defendants respond to plaintiff's motion to remand by emphasizing the jurisdictional components of plaintiff's original complaint at the time the case was removed and asserting that federal subject matter jurisdiction existed upon the case's removal to federal court. Defendants further contend that notwithstanding plaintiff's deletion of her ADEA and Title VII claims in her first amended complaint and plaintiff's voluntary dismissal of Hartford, a claim which implicated ERISA, federal questions still loom here in regards to plaintiff's ERISA retirement plans, claims for wrongful

termination, and plaintiff's claim for equal protection and civil rights relief under Title 18 U.S.C. § 1001 and Title 42 U.S.C. § 1985(3).

Plaintiff claims that because she voluntarily dismissed her claims against Hartford, no other ERISA claims exist. Her oral argument at a hearing held April 29, 2010, thoroughly undermine that contention. She still submits breach of contract and legal malpractice claims. These claims directly relate to plaintiff's retirement plan and/or ERISA plan. She acknowledges as much. ERISA's preemption clause provides that it supercedes any and all State laws insofar as the state may now or hereafter relate to an employer benefit plan. *Hobbs v. the Stroh Brewery Co.,* 129 F.Supp.2d 961 (S.D. Miss. 2000); *see also FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). Because plaintiff's and defendants' dispute concerns an alleged agreement to pay funds into plaintiff's retirement account, plaintiff's claims for breach of contract and legal malpractice are preempted by ERISA and subject to federal question jurisdiction.

## III. Conclusion

Based on the above and foregoing legal authorities and evidentiary findings, this court is persuaded that plaintiff's motion to remand must be denied [**Docket Nos. 40 and 64**]. Despite plaintiff's attempt facially to cleanse her complaint of a federal claim, the ERISA claim continues to exist.

Although this court in the above discussion predicates its denial of plaintiff's motion to remand upon this court's conclusion that federal issues still lie embedded in plaintiff's causes of action, this conclusion is actually unnecessary relative to the court's

alternative basis for denying plaintiff's motion. Plaintiff acknowledges that her original complaint contained causes of action founded on federal law. Settled jurisprudence teaches that federal courts determine subject matter jurisdiction at the time of removal, *see e.g.*, *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) ("[i]t is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed") and, in their discretion, weigh whether to remand an action to state court upon subsequent amendments to a complaint affecting subject matter jurisdiction *see e.g., Regan v. Starcraft*, 524 F.3d 627, 631 (5th Cir. 2008) (whether to remand is a discretionary matter subject to the abuse of discretion standard).

Even if this court were to conclude that plaintiff's latest amended complaint sidesteps a pleading of any federal claims, this court would still deny her motion because at the time of removal this court clearly had subject matter jurisdiction and because plaintiff has indicated at oral argument that she still wishes to pursue claims which implicate ERISA.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's Motion to Remand be denied. The parties are directed to contact the assigned Magistrate Judge within ten (10) days of this Order to obtain a scheduling order.

**SO ORDERED AND ADJUDGED, this the 27th day of September, 2010.**

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

Civil Action No. 3:09-cv-181 HTW-LRA
Order Denying Remand